ALEXA L. LEWIS (SBN 235867)
all@msk.com
DANIEL A. KOHLER (SBN 285501)
dxk@msk.com
MITCHELL SILBERBERG & KNUPP LLP
11377 West Olympic Boulevard
Los Angeles, CA 90064-1683
Telephone: (310) 312-2000
Facsimile: (310) 312-3100

Attorneys for Plaintiff
Boys & Girls Clubs of America, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

BOYS & GIRLS CLUBS OF AMERICA, INC.,

Plaintiff,

v.

BOYS CLUB OF SAN GABRIEL VALLEY D/B/A BOYS & GIRLS CLUB OF SAN GABRIEL VALLEY,

Defendant.

CASE NO. 2:14-cv-08126

**COMPLAINT FOR:**

**(1) TRADEMARK INFRINGEMENT OF BOYS & GIRLS CLUBS REGISTERED MARK UNDER 15 U.S.C. § 1114**

**(2) TRADEMARK DILUTION OF BOYS & GIRLS CLUBS REGISTERED MARK UNDER 15 U.S.C. § 1125**

**(3) INJUNCTIVE RELIEF**

**Demand For Jury Trial**

Plaintiff Boys & Girls Clubs of America, Inc. ("Plaintiff" or "BGCA"), for its complaint against Defendant Boys Club of San Gabriel Valley d/b/a Boys & Girls Club of San Gabriel Valley ("Defendant"), states and alleges as follows:

## JURISDICTION, AND VENUE

1. This is an action arising under the Lanham Act, 15 U.S.C. § 1051, *et seq.*

2. This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1338(a), as it involves trademark law, and under 28 U.S.C. § 1331, as it involves a federal question.

3. This Court has personal jurisdiction over Defendant, as it resides and conducts business in this judicial district.

4. Venue is proper in this Court pursuant to 28 USC § 1391 because Defendant resides in this judicial district, a substantial part of the events or omissions giving rise to the claims asserted herein occurred in this judicial district, and Defendant is subject to personal jurisdiction in this judicial district.

## NATURE OF THE ACTION

5. This is a civil action for trademark infringement arising under Section 32 of the Trademark Act of 1946 (the "Lanham Act"), as amended, 15 U.S.C. § 1114, and trademark dilution arising under Section 43 of the Lanham Act, as amended, 15 U.S.C. § 1125.

## PARTIES

6. BGCA is a national corporation organized under the laws of the District of Columbia, with its principal place of business at 1275 Peachtree Street NE, Atlanta, Georgia 30309.

7. Defendant was a member organization of BGCA, organized under the laws of the State of California. Defendant's principal place of business is 2740 Mountain View Road, El Monte, California, 91732, where it can be served through its registered agent, Clayton Hollopeter.

## FACTUAL BACKGROUND

### BGCA and the Boys & Girls Clubs Name and Mark

8. For more than 150 years, BGCA and its corporate predecessors have operated as a national tax-exempt, non-profit organization that provides after-school and summer programing for school-aged children to promote health and social, vocational, educational, and character development. Over 4,000 affiliate member organizations operate under BGCA's organizational umbrella.

9. BGCA holds a congressional charter and is primarily funded by federal government grants, corporate sponsorships, and private donations.

10. BGCA currently owns, and operates under, the registered trade name and trademark BOYS & GIRLS CLUBS. This mark has been registered since October 23, 1990, with the U.S. Patent and Trademark Office ("USPTO") as Registration Number 1,619,224. *See* USPTO, Trademark Elec. Search Sys., "Boys & Girls Clubs" (last visited Sept. 15, 2014), attached hereto as **Exhibit A.**

11. Prior to September 23, 1990, BGCA operated under the registered trade name and/or mark "BOYS CLUBS OF AMERICA." This name and/or mark was registered under Registration Numbers 1,231,095 in 1983, 0,720,143 in 1961, 0,396,339 in 1942, and 0,396,340 in 1942. *See, e.g.*, *id.* "Boys Clubs of America" (last visited Oct. 1, 2014), attached hereto as **Group Exhibit B.**

12. The BOYS & GIRLS CLUBS and THE BOYS CLUBS (hereinafter collectively "BOYS AND GIRLS CLUBS") name and/or mark has been used in conjunction with BGCA's services, programs, marketing and advertising, fundraising, and development since 1931. As a result, BGCA has built a

substantial reputation and goodwill in the BOYS & GIRLS CLUBS name and mark.

13. Through the use of the BOYS & GIRLS CLUBS name and mark, BGCA has become nationally recognized among youth organizations, in the non-profit arena, and in local communities as a top provider of youth programming and services.

**Defendant's Operations, and Plaintiff's Revocation of Defendant's Charter**

14. Defendant opened in 1964 and received its charter from BGCA to operate as a member organization of BGCA in 1965. Since that time, Defendant has operated its youth programs and services in the surrounding El Monte community under the BOYS & GIRLS CLUBS mark and name.

15. During 2012, BGCA determined that Defendant could no longer satisfy BGCA's minimum safety and protection standards.

16. Accordingly, on or around December 12, 2012, by letter, BGCA informed Defendant that BGCA would be terminating Defendant's membership in BGCA and revoking its charter rights, including use of the BOYS & GIRLS CLUBS name and mark. BGCA thereby demanded that Defendant: (1) discontinue use of the name BOYS & GIRLS CLUBS, including all corporate listings or registrations, signage and other postings on facilities, properties, and web sites; all items bearing BOYS & GIRLS CLUBS name and/or service mark, including stationery items, business cards, brochures, flyers, posters, or printed materials; and all Boys & Girls Clubs slogans, trademarks, and programs, ***and*** (2) provide proof of either a change of name or dissolution of the BOYS & GIRLS CLUBS legal entity within thirty days of the letter. *See* Letter from James L. Clark, President and CEO of BGCA, to David Perez, President of the Board of Directors of the Boys' Club of San Gabriel, and Clayton Hollopeter, Executive

Director of Boys' Club of San Gabriel, Nov. 30, 2012, attached here to **as Exhibit C.**

17. On December 12, 2012, the Board of Governors of BGCA officially revoked and terminated Defendant's charter rights and privileges, including use of the BOYS & GIRLS CLUBS and mark.

18. Upon discovering that Defendant was still using the BOYS & GIRLS CLUBS name and mark, on or around August 12, 2013, BGCA sent a cease and desist letter to Defendant, once again demanding that Defendant remove and discontinue use of the BOYS & GIRLS CLUBS name and mark. *See* Letter from Lorraine Orr, Senior Vice President of Organizational Executive Development Services of BGCA, to David Perez, President of the Board of Directors of the Boys' Club of San Gabriel, and Clayton Hollopeter, Executive Director of Defendant, Aug. 12, 2013, attached here to as **Exhibit D**.

19. Sometime thereafter, Teresa Welch, National Vice President of BGCA, communicated to Clayton Hollopeter, Defendant's Executive Director, and Defendant's Board of Directors that Defendant could not use the BOYS & GIRLS CLUBS name or mark.

20. Despite these final demands by BGCA to cease and desist, and notwithstanding that BGCA demanded on December 12, 2012, that Defendant either dissolve or change its name within thirty days, Defendant has continued to operate under, and to use, the BOYS & GIRLS CLUBS name and/or mark.

21. To illustrate, months after the revocation, on or around March 3, 2014, BGCA had to arrange for a private contractor to remove from the facade of Defendant's facility the BOYS & GIRLS CLUBS sign containing Plaintiff's name and mark.

22. Additionally, Defendant has not provided any evidence to BGCA that Defendant's facility has been renamed or dissolved.

23. Moreover, the BOYS & GIRLS CLUBS name remains on the gate surrounding the perimeter of Defendant's facility. *See San Gabriel Valley Tribune*, "Board shuts down El Monte Boys & Girls Club amid allegations of gang activity," Aug. 31, 2014, http://www.sgvtribune.com/general-news/20140831/board-shuts-down-el-monte-boys-girls-club-amid-allegations-of-gang-activity, attached hereto as **Exhibit E**.

24. Defendant also still offers free meals to children and their families; provides sports facilities for soccer, basketball, and other sports; martial arts classes; and operates summer camps, under the BOYS & GIRLS CLUBS name and/or mark.

25. Defendant's operation under, and through use of, the BOYS & GIRLS CLUBS name and mark is likely to cause confusion, mistake, and/or deception in violation of 15 U.S.C. §§ 1114 and 1125.

## FIRST CLAIM FOR RELIEF: TRADEMARK INFRINGEMENT OF BOYS & GIRLS CLUBS REGISTERED MARK UNDER 15 U.S.C. § 1114

26. Plaintiff incorporates herein by reference the averments of paragraphs 1 through 25 as though fully set forth herein.

27. BGCA and its corporate predecessors have used BGCA's federally registered BOYS & GIRLS CLUBS name and mark in commerce in connection with its programming, services, marketing, and advertising since 1931.

28. Defendant has both actual and constructive knowledge of Plaintiff's ownership of, and rights in, BGCA's federally registered name and mark prior to Defendant's infringement of the name and mark.

29. Nonetheless, without Plaintiff's permission or authorization, Defendant has adopted and continues to use in commerce Plaintiff's federally registered mark and name in the same channel of commerce in which Plaintiff's

services are offered, with full knowledge of Plaintiff's superior rights, and with full knowledge that its infringing use of Plaintiff's name and mark would cause confusion, mistake and/or deception.

30. Defendant's acts, including use of the BOYS & GIRLS CLUBS name and mark as a source identifier, are likely to cause or have caused confusion, mistake, or deception among the public as to Defendant's affiliation with Plaintiff and thus, constitute trademark infringement of Plaintiff's BOYS & GIRLS CLUBS name and mark in violation of the Lanham Act, specifically 15 U.S.C. § 1114.

31. Defendant's acts of infringement have caused Plaintiff damage, including the continuing loss of the goodwill and reputation established by Plaintiff in its federally registered name and mark, for which Plaintiff is entitled to all available remedies under 15 U.S.C. §§ 1114, 1116, 1117, 1118, and 1125, including preliminary and permanent injunctive relief; any damages sustained by Plaintiff; costs; destruction of all packaging, literature, advertising and any other material bearing the BOYS & GIRLS CLUBS mark, name, and/or any variants thereof (or similar wording); and other equitable relief.

32. This is an exceptional case under 15 U.S.C. § 1117 entitling Plaintiff to reasonable attorney fees and expenses, as Defendant's actions constitute knowing, deliberate, and willful infringement of Plaintiff's federally registered mark and name.

## SECOND CLAIM FOR RELIEF
## TRADEMARK DILUTION OF BOYS & GIRLS CLUBS REGISTERED MARK UNDER 15 U.S.C. § 1125

33. Plaintiff incorporates herein by reference the averments of paragraphs 1 through 32 as though fully set forth herein.

34. The BOYS & GIRLS CLUBS name and mark are famous and distinctive and are entitled to protection against dilution.

35. Without BGCA's permission, and notwithstanding the revocation of its right to use the BOYS & GIRLS' CLUBS name and mark, Defendant continues to use the BOYS & GIRLS CLUBS name and mark in commerce after the BOYS & GIRLS CLUBS name and mark became famous and distinctive. Defendant's use of the BOYS & GIRLS CLUBS name and mark in connection with the provision of its programs and services, marketing, advertising, and fundraising has confused and deceived, and will continue to confuse and deceive, the public into believing that the programs, services, marketing, advertising, and fundraising operated by Defendant are approved by, sponsored by, or affiliated with Plaintiff.

36. Defendant's acts as alleged herein thereby constitute passing off Defendant's services and programs as services and programs of Plaintiff, with the intent to deceive and defraud the public, in violation of the Lanham Act, specifically 15 U.S.C. § 1125.

37. Defendant's acts have caused Plaintiff damages, including lost revenue, harm to reputation and goodwill, and costs to remediate the confusion and harm to Plaintiff's goodwill and reputation, for which Plaintiff is entitled to all available remedies under 15 U.S.C. §§ 1116, 1117, 1118, and 1125, including preliminary and permanent injunctive relief; any damages sustained by Plaintiff; costs; destruction of all packaging, literature, advertising and any other material bearing the BOYS & GIRLS CLUBS mark, name, and/or any variants thereof (or similar wording); and other equitable relief.

38. This is an exceptional case under 15 U.S.C. § 1117 entitling Plaintiff to reasonable attorney fees and expenses, as Defendant's actions constitute knowing, deliberate, and willful dilution of Plaintiff's federally registered mark and name.

**THIRD CLAIM FOR RELIEF**
**INJUNCTIVE RELIEF**

39. Plaintiff incorporates herein by reference the averments of paragraphs 1 through 38 as though fully set forth herein.

40. The actions of Defendant have caused, and will continue to cause, irreparable damage to BGCA, including loss of fundraising and other business opportunities and injury to Plaintiff's business reputation and goodwill and the distinctive quality of Plaintiff's famous name and mark, for which BGCA has no adequate remedy at law. The full magnitude of these damages will be difficult, if not impossible, to quantify, and will continue to damage Plaintiff unless Defendant is enjoined.

41. Plaintiff is thereby entitled to preliminary and permanent injunctive relief under 15 U.S.C. §§ 1116, 1118, and 1125, enjoining Defendant from use of the BOYS & GIRLS CLUBS mark and name, including on all labels, signs, prints, packages, wrappers, receptacles, and advertisements.

WHEREFORE, Plaintiff prays that this Court:

(1) That judgment enter in favor of Plaintiff against Defendant under each of the above Counts;

(2) That Defendant, its officers, agents, servants, employees, and attorneys, be forthwith preliminarily and permanently enjoined from using "BOYS & GIRLS CLUBS" name and mark and/or any variants thereof.

(3) That Defendant's acts be deemed "exceptional," and that Plaintiff be awarded all reasonable attorneys' fees and costs to which it is entitled, under 15 U.S.C. § 1117.

(4) That Plaintiff be awarded a judgment against Defendant for monetary damages, as provided by statute.

(5) That Plaintiff be awarded such other and further relief as this Court deems just and proper.

Dated: October 21, 2014

ALEXA L. LEWIS
DANIEL A. KOHLER
MITCHELL SILBERBERG & KNUPP LLP

By: /s/ Alexa L. Lewis
Alexa L. Lewis
Attorneys for Plaintiff
Boys & Girls Clubs of America, Inc.

**DEMAND FOR JURY TRIAL**

Plaintiff Boys & Girls Clubs of America, Inc. demands a trial by jury of all issues triable of right by jury.

Dated: October 21, 2014

ALEXA L. LEWIS
DANIEL A. KOHLER
MITCHELL SILBERBERG & KNUPP LLP

By: /s/ Alexa L. Lewis
Alexa L. Lewis
Attorneys for Plaintiff
Boys & Girls Clubs of America, Inc.